**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JENNIFER STERNER,**

                 **Plaintiff,**

**-vs-**                                         **Case No. 6:06-cv-1351-Orl-28KRS**

**LOW GRAVITY, INC., DANIEL
HATCHER,**

                 **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 51)** |
| **FILED:** | **September 2, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

In their Joint Pretrial Statement, the parties stipulated that the three year statute of limitations applied to Plaintiff's claim and that she was entitled to liquidated damages. Doc. No. 48 at 5. The

parties further stipulated to Plaintiff's regular hourly rate and the number of overtime hours worked. *Id*. at 4-5.  Plaintiff was paid at the straight-time rate for all hours worked. *Id*.  Based on the stipulated facts, Plaintiff's maximum recovery for unpaid wages was $882.18.[1]

The parties have agreed to settle by paying Plaintiff a total of $1,200.00 for unpaid wages and liquidated damages.  Under this agreement, Plaintiff will receive all of the past due overtime compensation to which she is arguably due.  Therefore, the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1354.

The Court need not approve the other provisions of the settlement agreement.  I note that settlement agreement contains terms that this Court would not approve, such as the confidentiality agreement which is unenforceable in light of the public filing of the settlement agreement. *See* Doc. No. 51-2 7.  Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

Accordingly, I recommend that the Court do the following:

**FIND** that the overtime compensation Plaintiff will receive pursuant to the Settlement Agreement is a fair resolution of a bona fide dispute under the FLSA;

**DECLINE** to reserve jurisdiction to enforce the settlement agreement;

**DISMISS** the case with prejudice as to all parties; and,

---

[1] Plaintiff's regular hourly rate was $6.00 per hour from May 10, 2004, to November 7, 2004 ("period 1"); $6.50 per hour from November 8, 2004, to July 24, 2005 ("period 2"); and $7.00 an hour from July 25, 2005 to February 2006 ("period 3").  Doc. No. 48 at 4.  Plaintiff worked 84 hours of overtime during period 1; 153.25 hours of overtime during period 2; and 37.75 hours of overtime during period 3. *Id*. at 4-5.  Plaintiff's maximum recovery is calculated as follows: Period 1 ($6.00/2) x 84 = $252.00; period 2 ($6.50/2) x 153.25 = $498.06; period 3 ($7.00/2) x 37.75 = $132.12.  The three periods combined equals $882.18.

**DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 9, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy